541 P.2d 578

In the Matter of the ESTATE of Lawrence Heywood FORD, Deceased.

John A. FORD, Appellant,

v.

Daniel E. MOORE, Administrator, Appellee.

No. 2 CA–CIV 1933.

Court of Appeals of Arizona, Division 2.

Oct. 28, 1975.

Rehearing Denied Nov. 26, 1975.

Review Denied Jan. 6, 1976.

John A. Ford, Atlanta, in pro per.

Daniel E. Moore, Scottsdale, in pro per.

OPINION

HOWARD, Chief Judge.

This appeal challenges the overruling of appellant's objections to an amended decree

of final distribution and the allowance of fees for extraordinary services.

■ Appellant first claims that the administrator should have been surcharged for the sum of approximately $410 which he claimed was due as a refund from deceased's 1963 federal income tax.

26 U.S.C.A. Sec. 6511(a) provides:

"Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or *if no return was filed by the taxpayer, within 2 years from the time the tax was paid. . . ."* (Emphasis added)

Subsection (b)(1) of the foregoing statute provides:

"No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period."

26 U.S.C.A. Sec. 6513(c)(2) provides that for the purposes of Sec. 6511, the tax paid by the deceased on his 1963 income was paid on April 15, 1964.

The deceased did not file a return for the year 1963. He therefore had until April 15, 1966, to claim a refund. He died on May 13, 1966, *after* the two-year period provided by 26 U.S.C.A. Sec. 6511(a) and the appellee cannot be held responsible for the claimed refund.

The final account of the administrator was settled and approved and a decree of distribution entered on May 29, 1969. Inter alia, the court ordered that the Series E bonds held by the estate be reduced to cash and the amount realized therefrom distributed to appellant and five other heirs that taxes be paid, and upon payment of taxes the balance of the estate be distributed. Appellee cashed the bonds and distributed the proceeds according to the decree of distribution.

■ Appellant contends that appellee should be surcharged for interest on the amounts not distributed until 1972, after all the taxes had been paid.

A personal representative is chargeable with interest by way of penalty for delaying settlement of an estate and thereby depriving those rightfully entitled to enjoyment. *In re Moore's Estate,* 95 Cal. 34, 30 P. 106 (1892); *In re Jennings' Estate,* 74 Mont. 449, 241 P. 648 (1925); 4 Bancroft's Probate Practice, 2nd Ed. Sec. 956, p. 64. Liability for such an interest charge depends, however, entirely on the reasonableness of the delay and on all the circumstances of the particular case, *In re Sarment's Estate,* 123 Cal. 331, 55 P. 1015 (1899); *In re Delaney's Estate,* 41 Nev. 384, 171 P. 383 (1918) and the imposition of such a charge is largely within the court's discretion. *In re Brown's Estate,* 129 Wash. 84, 224 P. 678 (1924).

■ The decedent was appellant's brother and the other five heirs are descendants of the decedent's half-brother. The record shows that after the court entered the final decree of distribution on May 29, 1969, there was considerable delay in the distribution of the estate caused by appellant which necessitated correspondence between the administrator and the attorneys for the various heirs in an attempt to settle the matters raised by appellant. Under the circumstances we are unable to say that the trial court abused its discretion in refusing to surcharge appellee for the interest on said funds.

■ Appellee was awarded the sum of $750 as extraordinary fees by the trial court. He testified to a sum of approximately $1,000 which he desired as fees for extraordinary services. According to him, the services were necessitated by institution of an heirship proceeding, probate of the estate of the wife of the deceased (which probate was necessary in order to complete the probate of the instant estate),

and attempting to resolve appellant's demands regarding distribution of certain stock which was an asset of the estate and of land in Minnesota which was not an asset of the estate. Appellant admits that appellee is entitled to some amount for extraordinary services but does not state what would be a reasonable amount. We believe that the court did not err in awarding the sum of $750.

 The estate of the deceased included several books which are of no value. These books were distributed by the final decree of May 29, 1969, to the heirs in accordance with their respective shares. Appellee stated in his supplemental report and account of 1972 that he had made numerous requests to the heirs that the books be given to a charitable institution but had received no response from the heirs. He then requested the court to direct that he deliver the books within ten days to an attorney or agent representing one or all of the heirs and that, in the absence of any person being designated by the heirs as an agent or attorney to receive the books, he be discharged from responsibility for the books. Appellant objected to the administrator's request on the grounds that he had asked the administrator to donate the books.

The trial court found that appellant acknowledged that he did not want the books and therefore held the books to be abandoned by the heirs of the estate. The transcript of the hearings discloses that appellant objected to incurring any more expense with respect to the books other than that he would be willing to pay a storage company or some similar organization to pick them up and would pay for their transportation to his home. He also testified that he would rather have them donated to a charitable organization in the area.

It is apparently appellant's position that the trial court erred in finding that the books were abandoned since he testified that he would be willing to pay the cost of shipping them to his residence. We are unable to perceive how appellant has been prejudiced by the ruling of the trial court. He can still gather the books and have them sent back to his residence since the ruling of the trial court has freed the books from any claims of the other heirs.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.