[No. 29998. Department Two. October 28, 1946.]

THE STATE OF WASHINGTON, *Respondent*, v. LAKE CITY
BOWLERS' CLUB, INC., *Appellant.*[1]

*Monheimer, Schermer & Mifflin (D. Van Fredenberg,* of
counsel), for appellant.

[1]Reported in 173 P. (2d) 783.

*Lloyd Shorett, James D. McCutcheon, Jr., The Attorney General, Shirley R. Marsh* and *Joseph P. Lavin, Assistants,* for respondent.

MALLERY, J.—The Lake City Bowlers' Club, Inc., hereinafter referred to as the club, is incorporated under the laws of the state of Washington as a nonprofit organization. The club maintains club premises in King county to which the general public is not admitted.

On the thirteenth day of March, 1946, two officers of the club were arrested and it was charged with violation of the state liquor laws.

Under count No. 1 of the information, the evidence showed that a bona fide member entered the premises with a bottle of intoxicating liquor, seated himself at the table, and was supplied by an employee of the club with ice, soda, and glasses, and proceeded to consume some of his liquor, the member at all times retaining possession of his bottle.

Under count No. 2, the member entered with his bottle of intoxicating liquor and handed it to an employee of the club, who mixed and served drinks for the member from the bottle and, when the member was ready to leave the club premises, returned the bottle to him.

Under count No. 3, the evidence showed that the member brought to the premises intoxicating liquor, that the bottle was labeled with his name and placed in a locker or receptacle to which only the member or employees of the club had access. The member then was permitted to, and from time to time did, obtain drinks from the bottle until it was exhausted.

Under count No. 4, the member brought to the club intoxicating liquor which was handed to the employee of the club, labeled with the member's name, and drinks were served by the employee to the member from the bottle until such time as the bottle was exhausted, the member never receiving or having access to the bottle after once handing it to the employee.

In each instance, the liquor brought into the club premises by the bona fide members was liquor legally purchased by them individually from state liquor stores.

The club did not apply for nor obtain a club liquor license from the Washington state liquor control board under the provisions of Rem. Rev. Stat. (Sup.), § 7306-1 [P.P.C. § 678-1] *et seq.* Only members of the club were entitled to the privileges of the club, which included the acts complained of in the information. The club contends it had a right to do these things without a license because what it did is outside the purview of the provisions of the statutes pertaining to liquor in this state.

The appellant club made nine assignments of error, but they need not be separately considered because, as the appellant frankly states, if the appellant's theory of the case as to the meaning of the law and its inapplicability is not correct, then no error was committed.

The Washington state liquor act, Rem. Rev. Stat. (Sup.), § 7306-3 [P.P.C. § 678-117], provides as follows:

" . . . 'Club' means an organization of persons, incorporated or unincorporated, operated solely for fraternal, benevolent, educational, athletic or social purposes, and not for pecuniary gain. . . ."

Rem. Rev. Stat. (Sup.), § 7306-23T [P.P.C. § 678-177] providing for club licenses is as follows:

"There shall be a license to clubs, entitling each *member* of the club to *keep* on the premises a reasonable quantity of liquor *for personal consumption* on the premises. . . ." (Italics ours.)

Rem. Rev. Stat. (Sup.), § 7306-28 [P.P.C. § 678-193] defines the crime of operating without a license:

"Any person doing any act required to be licensed under this act without having in force a license issued to him under this act shall be guilty of a violation of this act."

The appellant admits that it is a club as "club" is defined above.

Rem. Rev. Stat. (Sup.), § 7306-23T, requires that clubs shall not permit club members to keep intoxicating

liquors for personal consumption on the club premises with-out first having obtained a license for that purpose.

Rem. Rev. Stat. (Sup.), § 7306-23T, is without ambiguity, and there is no room for statutory construction. An examination of all licensing provisions in the Washington state liquor act reveals that the legislature explicitly requires that such clubs must be licensed. Each licensing provision (Rem. Rev. Stat. (Sup.), § 7306-23A [P.P.C. § 678-141] *et seq.*) begins with the language: "There *shall* be a license." Unless each of the licensing provisions is mandatory, there is no implementation to accomplish the purposes of the act. It follows that brewers, distillers, manufacturers, clubs, etc., must be licensed under the Washington state liquor act, and that the unlicensed doing of the acts mentioned in these provisions is a violation of Rem. Rev. Stat. (Sup.), § 7306-28. Any other interpretation would contravene the expressed intention of the legislature. It is the rule that statutes must be interpreted in accordance with the intent of the legislature to avoid absurd results. *Martin v. Department of Social Security,* 12 Wn. (2d) 329, 331, 121 P. (2d) 394.

█ █ The term "license" is generally defined as a right granted by some authority to do an act, which, without such license, would be unlawful (30 Am. Jur. 296, Intoxicating Liquors, § 73). There is no constitutional right to use intoxicating liquor. When a right exists, it is in the nature of a permission and must be exercised according to law.

█ Legislation concerned with intoxicating liquor has long been recognized as being an exercise of the police power of the state by reason of the social results entailed in its use. The legislature, therefore, has the power to adopt any policy it chooses. The present law prohibits the use of intoxicating liquor excepting upon such terms and conditions as it has provided in so far as "clubs" are concerned. Upon the question of clubs, the law provides that they shall be licensed. It is the licensing part of the law under which the control and regulation of intoxicating liquor, including use in clubs, is implemented. If clubs could operate legally without a license, they would be subject to no regulation at all, for no regulations are to be found in the law excepting

those falling under the licensing provisions and the rules and regulations promulgated by the Washington state liquor control board pertinent thereto.

▮ It is contended that the factual situation under count No. 1 of the information is outside the terms of Rem. Rev. Stat. (Sup.), § 7306-23T for the reason that it requires the club to have a license only if *its* members are to *"keep* on the premises a reasonable quantity of liquor for personal con- sumption on the premises." When the member brought *his* bottle of intoxicating liquor into the club, *consumed* some of it there, and kept possession of the bottle himself, he kept it, in the statutory sense. One can keep a chattel, such as a watch, on one's person. Whether the time of the keeping is long or short is immaterial. It was a *keeping* of liquor on the premises by the member for personal con- sumption on the premises. The club's policy of permitting the member to keep the liquor and consume it on its premises became a purpose for which the club was main- tained. This purpose is determinative of the necessity of having a license to maintain the premises for such acts. The language of the statute required a license in such cases.

The appellant makes the same contention as to count No. 2, where the member brought his own bottle of liquor, turned it over to an employee of the club, but secured it upon leaving and took it out with him. The keeping or possession of a thing is not changed or disturbed because one puts it in charge of an employee, agent, or servant, since their possession is that of the employer, principal, or master. Hence the liquor was kept by the member for con- sumption on the premises within the purview of the statute.

Under counts Nos. 3 and 4, where a member brought his bottle to the club and turned it over to an employee of the club and never received it back, that is to say, consumed it all on the premises, he still kept liquor on the premises for personal consumption. He continued to exercise dominion over it as owner. The *keeping* was his, even though in charge of another in the relationship to him of servant, em- ployee, or agent. The bottle of liquor never belonged to the

club to *keep* in its own right. The club's function was *service*, not sale of liquor.

We find that a license is required for a club to do what the appellant did. It follows that its failure to secure a license was a violation of the statute.

The judgment is affirmed.

MILLARD, C. J., STEINERT, SIMPSON, and SCHWELLENBACH, JJ., concur.