[No. 42689.    En Banc.    November 21, 1973.]

*In the Matter of the Estate of* SAMUEL C. LYONS, *Deceased.* CLARENCE E. LYONS, *as Executor, Appellant,* v. BERNICE H. SORENSON, *as Guardian, Respondent.*

*Bruce P. Hanson* (of *Hanson & Lust*), *Bovy, Graham, Cohen & Wampold,* and *David L. Bovy,* for appellant.

*Anthony Arntson,* for respondent.

WRIGHT, J.—This appeal presents a single question. Did RCW 11.52 repeal by implication RCW 6.12.080? Otherwise expressed, can a surviving spouse claim a homestead right in property which was the separate property of the deceased spouse?

Samuel C. Lyons, the deceased herein, had been married before his marriage to Olga E. Lyons, which occurred on January 6, 1963. At the time of the last marriage both parties were of advanced age, the widow having been 76 years of age at the time of marriage and 83 years old at the time of decedent's death on July 1, 1970.

On June 11, 1965, decedent filed a declaration of homestead upon the family home property. The property was his separate property and had been the family home of deceased before the marriage, was the home throughout the marriage and continued to be the home of the widow after the death of decedent. Shortly after the death of Samuel C. Lyons, the widow was declared incompetent and was taken to a nursing home where she has continued to reside. A guardian ad litem has represented her in these proceedings.

The appellant is the son of Samuel C. Lyons by the earlier marriage, and is the executor of his estate. Respondent is the widow, Olga E. Lyons, appearing by her guardian ad litem.

After proceedings before Paul M. Goode, court commissioner, the matter was presented to the Honorable Lloyd L. Wiehl. The superior court then ruled that the respondent (widow) was entitled to be awarded a homestead under RCW 11.52 and further held that RCW 11.52 repealed by implication that part of RCW 6.12.080 reading:

. . . in other cases, upon the death of the person whose property was selected as a homestead, it shall go to his heirs or devisees, subject to the power of the superior court to assign the same for a limited period to the family of the decedent;

The history of RCW 6.12.080 is that it was enacted as Laws of 1895, ch. 64, § 33, which chapter contained exactly

33 sections. Chapter 64 is entitled "DEFINING A HOMESTEAD. An Act defining a homestead, and providing for the manner of the selection of the same." All of the act except the last part of the 33rd and last section thereof relate to exemption of homes from execution or forced sale. Section 33 of the act has never been amended and remains exactly as it was first enacted 78 years ago.

The history of RCW 11.52 is far more complex as it is a part of the probate code which has been the frequent subject of legislative attention. The sections of that chapter have been reenacted many times, none less recently than 1965. RCW 11.52.016 and RCW 11.52.024 were reenacted in 1972. RCW 11.52.010, RCW 11.52.020 and RCW 11.52.022 were reenacted in 1971.

■ Appellant relies upon the general rule that repeals by implication are not favored. Therein he correctly states the law. We recently said in *Welfare Rights Organization v. State,* 82 Wn.2d 437, 439, 511 P.2d 990 (1973), "Repeal or amendment by implication is never favored. *Generaux v. Petit,* 172 Wash. 132, 19 P.2d 911 (1933)." *See also Durocher v. King County,* 80 Wn.2d 139, 492 P.2d 547 (1972); *Ropo, Inc. v. Seattle,* 67 Wn.2d 574, 409 P.2d 148 (1965).

Appellant further relies upon the rule of *In re Chi-Dooh Li,* 79 Wn.2d 561, 488 P.2d 259 (1971), wherein two situations were set forth in which there may be a repeal by implication, as follows at page 563:

The conditions are (1) the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede prior legislation on the subject; or (2) the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot be reconciled and both given effect by a fair and reasonable construction.

Appellant contends the trial court could not possibly have meant that RCW 11.52.010 through 11.52.024 were intended to cover the entire subject—although that is exactly what the court said. The appellant concludes that portion of his argument by saying: "In any event, it ap-

pears rather obvious that the trial court's decision cannot be sustained under the first condition set forth above." We disagree.

In RCW 11.52.016 it is stated:

> The awards in RCW 11.52.010 through 11.52.024 provided shall be in lieu of all homestead provisions of the law and of exemptions.

Similarly, in RCW 11.52.024, it is stated:

> . . . such awards shall be in lieu of all further homestead rights and of all exemptions.

The argument is made in appellant's reply brief that the quoted language is to limit a surviving spouse to only one homestead exemption. Such an argument might be fairly convincing if the above language is read out of context.

■■ Legislative intent is first to be deduced, if possible, from what is said, *Schneider v. Forcier*, 67 Wn.2d 161, 406 P.2d 935 (1965). Accordingly, words in a statute are to be given their ordinary meaning. *Bixler v. Hille*, 80 Wn.2d 668, 497 P.2d 594 (1972). And, clearly, RCW 11.52 is to be read as a whole. *Greenwood v. State Bd. for Community College Educ.*, 82 Wn.2d 667, 513 P.2d 57 (1973). The language of the above statute, read in the context of the entire act, is plain and unambiguous on its face—RCW 11.52 was intended by the legislature to cover the entire subject. The plain meaning of a statute must be adopted. *Jay v. Boyd*, 351 U.S. 345, 100 L. Ed. 1242, 76 S. Ct. 919 (1956).

Appellants also argue that the second condition is not met in that the provisions of RCW 6.12.080 are not inconsistent with the provisions of RCW 11.52. The language of RCW 11.52.020 "whether the selection of such homestead results in vesting the complete or partial title in the survivor" refers to the possibility of the home property's being worth more than the statutory dollar limit, in which case an undivided interest may be vested in the surviving spouse on a mathematical formula. The words "in the manner provided by law" mean in accordance with the provisions of RCW 11.52.

The total inconsistency is obvious. Under RCW 6.12.080 the homestead selected out of separate property of the deceased spouse will go to his heirs. Under RCW 11.52 the same homestead will go to the surviving spouse.

For the reasons stated, the part of RCW 6.12.080 dealing with probate was impliedly repealed by RCW 11.52 and the surviving spouse is entitled to the homestead in dispute herein. The trial court should be and is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.