[No. 777-3.   Division Three.   January 18, 1974.]

NAOMI L. RYAN, *Individually and as Executrix, Respondent,*
v. CUNA MUTUAL INSURANCE SOCIETY, *Appellant.*

Homer A. Crollard (of Gavin, Robinson, Kendrick, Redman & Mays), for appellant.

Wayne Gladstone, for respondent.

McInturff, J.—Defendant appeals from a judgment entered requiring payment on a credit life insurance policy issued on the life of plaintiff's deceased husband, Boyd A. Ryan, in the amount of $3,696.12.

Defendant and Hanford Federal Credit Union ("Hanford") entered into a contract effective October 1, 1964, under which defendant agreed to furnish credit life insurance, insuring the lives of eligible members who received loans from Hanford, with payment to be made of the outstanding loan balance on the death of the borrower. Hanford paid all of the premiums on these policies, with no identifiable charges collected from the individual debtors.

On August 2, 1971, Hanford made a loan to Boyd A. Ryan and plaintiff in the amount of $3,945.45, and at that time credit life insurance covering the loan was obtained through defendant. Boyd A. Ryan, insured under the policy, died on November 3, 1971, with a remaining balance of $3,696.12 owing on the loan. Ryan died from an illness which was manifest prior to the time the loan was obtained.

The group insurance contract contained the following provision in regard to evidence of individual insurability:

CUNA Mutual reserves the right to require a Member eligible for insurance to furnish evidence of individual insurability satisfactory to CUNA Mutual as a condition to part-or all of the coverage provided under this Con-

tract upon issuance to the Credit Union of an Endorsement to be attached hereto prescribing the conditions under which such evidence shall be required and the classes of loans to which applicable.

Included in the contract is the following "Risks Not Assumed" provision:

CUNA Mutual does not assume the risk and no Benefit is provided for any loss if any material contributing cause of loss was from sickness or injury which first became manifest prior to the time insurance coverage is otherwise effective under this Contract, except for such loss occurring 6 months after coverage is otherwise effective.

The trial court held the "Risks Not Assumed" provision of the instant policy was a proper method of obtaining evidence of individual insurability, but under RCW 48.24.040 the defendant insurer had no right to impose any conditions or restrictions on insurability except age, if more than 75 percent of the debtors became insured.

RCW 48.24.040 provides:

Debtor groups. The lives of a group of individuals may be insured under a policy issued to a creditor, who shall be deemed the policyholder, to insure debtors of the creditors, subject to the provisions of the insurance code relating to credit life insurance and credit accident and health insurance and to the following requirements:

(1) The debtors eligible for insurance under the policy shall be all of the debtors of the creditor whose indebtedness is repayable in installments, or all of any class or classes thereof determined by conditions pertaining to the indebtedness or to the purchase giving rise to the indebtedness, except that nothing in this section shall preclude an insurer from excluding from the classes eligible for insurance classes of debtors determined by age. The policy may provide that the term "debtors" shall include the debtors of one or more subsidiary corporations, and the debtors of one or more affiliated corporations, proprietors or partnerships if the business of the policyholder and of such affiliated corporations, proprietors or partnerships is under common control through stock ownership, contract or otherwise.

(2) The premium for the policy shall be paid by the

policyholder, either from the creditor's funds, or from charges collected from the insured debtors, or from both. A policy on which part or all of the premium is to be derived from the collection from the insured debtors of identifiable charges not required of uninsured debtors shall not include, in the class or classes of debtors eligible for insurance, debtors under obligations outstanding at its date of issue *without evidence of individual insurability unless at least seventy-five percent of the then eligible debtors elect to pay the required charges. A policy on which no part of the premium is to be derived from the collection of such identifiable charges must insure all eligible debtors, or all except any as to whom evidence of individual insurability is not satisfactory to the insurer.*

(3) The policy may be issued only if the group of eligible debtors is then receiving new entrants at the rate of at least one hundred persons yearly, or may reasonably be expected to receive at least one hundred new entrants during the first policy year, *and only if the policy reserves to the insurer the right to require evidence of individual insurability if less than seventy-five percent of the new entrants become insured.*

(4) Payment by the debtor insured under any such group life insurance contract of the premium charged the creditor by the insurer for such insurance pertaining to the debtor, shall not be deemed to constitute a charge upon a loan in violation of any usury law.

(Italics ours.)

The sole issue presented is whether the insurer in a group credit life policy has the right to require evidence of insurability (risk not assumed provision) if 75 percent or more of the eligible members are insured.

Before interpreting RCW 48.24.040 it should be noted that: (1) Hanford Federal Credit Union paid all premiums on the instant policy with no identifiable charges collected from the individual debtors; (2) the group of eligible debtors was receiving new entrants in excess of 100 annually; and (3) 100 percent of the new entrants became insured.

■■ The court, in determining the intent of the legislature, must give the ordinary meaning to the language and words used in the statute, and must examine the statute as a whole. *In re Estate of Lyons,* 83 Wn.2d 105, 515 P.2d 1293

(1973). Applying these principles in construing the provisions of RCW 48.24.040 we do not agree with the trial court's holding that this statute precludes the insurer from requiring evidence of individual insurability. RCW 48.24.040 (2) in pertinent part provides:

A policy on which no part of the premium is to be derived from the collection of such identifiable charges must insure all eligible debtors, or all except any as to whom evidence of individual insurability is not satisfactory to the insurer.

The clear and ordinary meaning of this provision is that the insurer may require evidence of insurability.

Further, RCW 48.24.040 (3) in pertinent part provides:

The policy may be issued . . . and only if the policy reserves to the insurer the right to require evidence of individual insurability if less than seventy-five percent of the new entrants become insured.

The trial court held this statutory provision precluded the insurer from requiring evidence of individual insurability when more than 75 percent of the new entrants become insured. We disagree. This provision only requires that the insurer reserve the right to require evidence of individual insurability when less than 75 percent of the new entrants become insured, and does not restrict the insurer in applying such a requirement where more than 75 percent of the new entrants become insured. Therefore, the "Risk Not Assumed" provision in the insurance contract is enforceable under RCW 48.24.040 (2) and (3).

The judgment of the trial court is reversed.

GREEN, C.J., and MUNSON, J., concur.

Petition for rehearing denied March 11, 1974.

Review granted by Supreme Court July 29, 1974.