[No. 6995–1–I. Division One. January 21, 1980.]

*In the Matter of the Estate of*
MILDRED RATCLIFF.

*A. Graham Greenlee* and *Greenlee & Greenlee,* for appellant.

*Bruce P. Flynn, Janis A. Cunningham,* and *Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S.,* for respondent.

RINGOLD, J.—Albert Ratcliff appeals from an order dismissing his petition for an award of homestead in the separate property of Mildred Ratcliff.

Albert Ratcliff raises the following issues: (1) After probate of a will is commenced, can a surviving spouse declare a homestead on the separate property of the decedent under RCW 11.52.020, which appears to be contrary to RCW 6.12.030? (2) Does RCW 11.04.250, which vests title in the beneficiaries of the decedent's will immediately upon the testator's death, preclude a surviving spouse from declaring a homestead in the separate property of the decedent where such property is otherwise disposed of by will? (3) Can an award of homestead be denied by the trial court on the ground that it would be inequitable to the surviving children/heirs of the decedent?

Mildred Ratcliff died in King County on December 11, 1977. The decedent's will left all of her estate to her children, disinheriting her surviving spouse of 16 years, Albert Ratcliff. The primary asset of the estate consisted of her home, valued at $25,000, which was her separate property.

After the will was admitted to probate in early 1978, Albert Ratcliff filed a petition to set aside $20,000 of the decedent's property as an award in lieu of homestead pursuant to RCW 11.52.010, which provides:

> If it is made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court, after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of twenty thousand dollars at the time of death, . . .

This petition was opposed by the decedent's heirs on both statutory and equitable grounds.[1] At the time of the hearing, Ratcliff took a voluntary nonsuit. On May 31, 1978, he filed a declaration of homestead, and on June 15, 1978, he petitioned for the award of homestead in the decedent's separate property under RCW 11.52.020. The court dismissed this latter petition on September 1, 1978. Ratcliff appeals.

RCW 11.52.020 provides in part:

> In event a homestead has been, *or shall be selected in the manner provided by law,* whether the selection of such homestead results in vesting the complete or partial title in the survivor, it shall be the duty of the court, upon petition of any person interested, and upon being satisfied that the value thereof does not exceed twenty thousand dollars at the time of the death . . . to enter a decree . . . setting off and awarding such homestead to the survivor . . .

(Italics ours.) RCW 6.12.030 provides:

> The homestead cannot be selected from the separate property of the wife without her consent or from the separate property of the husband without his consent, shown by his or her making the declaration of homestead.

Ratcliff contends that once probate is commenced, RCW 11.52.020 is the exclusive method of selecting a homestead and any reference to RCW 6.12.030 is erroneous. The heirs argue that a surviving spouse is precluded from selecting a homestead under RCW 11.52.020 from the separate property of the decedent spouse without the latter's consent, RCW 6.12.030, and that the sole method of obtaining a homestead award from the separate property of the decedent is by virtue of RCW 11.52.010.

 Statutes must be interpreted in accordance with the intent of the legislature. *Purse Seine Vessel Owners*

---

[1] RCW 11.52.012 provides: When "there are children of the deceased by a former marriage . . . then the award [pursuant to RCW 11.52.010] in lieu of homestead . . . shall lie in the discretion of the court, . . . and the amount thereof shall be . . . just and equitable . . ."

*Assoc. v. Moos*, 88 Wn.2d 799, 567 P.2d 205 (1977); *State v. Lake City Bowlers' Club, Inc.*, 26 Wn.2d 292, 173 P.2d 783 (1946). Certain fundamental principles guide the court in determining such intent. A statute which is plain needs no construction, and the court will not read into a statute matters which are not there or modify a statute by construction. In construing a statute, words must be given their usual and ordinary meaning. *King County v. Seattle*, 70 Wn.2d 988, 425 P.2d 887 (1967).

Further, a statute should not be given an interpretation which would make it an absurdity when it is susceptible to a reasonable interpretation that would carry out the manifest intent of the legislature. *Martin v. Department of Social Security*, 12 Wn.2d 329, 121 P.2d 394 (1942). In addition, statutes in pari materia should be construed together and effect given to both. *Seattle v. State*, 54 Wn.2d 139, 338 P.2d 126 (1959). Repeals by implication are not favored and will not be found to exist where earlier and later statutes may logically stand side by side and be held valid. *State v. Carroll*, 83 Wn.2d 109, 515 P.2d 1299 (1973); *State ex rel. Washington Mut. Sav. Bank v. Bellingham*, 8 Wn.2d 233, 111 P.2d 781 (1941).

In order to dispose of the principal issue, we must give a reasonable interpretation to the language "or shall be selected in the manner provided by law," which is contained in RCW 11.52.020. Ratcliff contends that in view of the holding in *In re Estate of Lyons*, 83 Wn.2d 105, 515 P.2d 1293 (1973), this language would be interpreted solely in accordance with the provisions of RCW 11.52 and would disregard the requirement of RCW 6.12.030 that the wife consent to the declaration of a homestead in her separate property.

The two statutory schemes can readily stand together and function in harmony. After probate is commenced, RCW 11.52.020 authorizes an award of homestead by a surviving spouse as provided in RCW 6.12. The incorporation of RCW 6.12.030 is indeed a necessity because RCW 11.52 does not set forth the procedure for the selection of a

homestead, while RCW 6.12 does. Statutes must be read to incorporate relevant and not inconsistent provisions of the homestead law which sets forth (1) what constitutes a homestead (RCW 6.12.010), (2) what land a homestead must be selected from (RCW 6.12.020 and .030), (3) the mode of selection of a homestead (RCW 6.12.040), (4) the contents of the declaration of homestead and the manner of recording (RCW 6.12.060 and .070), and (5) who may file a declaration of homestead. RCW 11.52.010 provides the method for the award in lieu of homestead when no declaration or selection was made during the lifetime of the deceased spouse. RCW 11.52.020 has no application to the award after death unless the homestead has been "selected in the manner provided by law," to wit: pursuant to RCW 6.12.

*In re Estate of Lyons, supra,* is inapposite. In *Lyons,* the court was dealing with RCW 6.12.080, which provided for the descent of homestead property. The court held that a surviving spouse could claim a homestead right from her husband's separate property when he had, during his lifetime, made a declaration of homestead on his separate property. In *In re Estate of Scheldt,* 13 Wn. App. 570, 536 P.2d 4 (1975), the court held that the probate court may sanction a declaration of homestead under RCW 6.12 but that the claims of creditors under RCW 11.52.020 must be satisfied prior to the award. In sanctioning such a declaration, the court must be satisfied that all requirements of RCW 6.12 have been met.

Here, a declaration of homestead was filed on the decedent's separate property *after* her death and after the surviving spouse had taken a nonsuit on his petition for an award in lieu of homestead. In the event we did not construe these statutes as we do, it would totally frustrate the purposes of RCW 11.52.010 and .020.

Accordingly, the trial court correctly construed the two statutes to provide that in probate the surviving spouse was not entitled to an award of homestead from the

deceased's separate property when she had not given her consent to the selection and declaration of the homestead during her lifetime.

Since we affirm the trial court's statutory construction, it is unnecessary to reach the other issues raised.

Affirmed.

JAMES, A.C.J., and ANDERSEN, J., concur.

Reconsideration denied February 26, 1980.

Review granted by Supreme Court May 9, 1980.