[No. 46956–3. En Banc. December 31, 1980.]

*In the Matter of the Estate of* MILDRED RATCLIFF, ALBERT H. RATCLIFF, *Petitioner.*

EDNA M. BORNHOEFT, *Appellant,* v. DONALD A. BORNHOEFT, *as Executor, Respondent.*

*A. Graham Greenlee* (of *Greenlee & Greenlee*), for petitioner.

*S. Brooke Taylor* and *Carl Lloyd Gay* (of *Taylor & Taylor, P.S.C.*), for appellant.

*Bruce P. Flynn* and *Janis A. Cunningham* (of *Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S.*) and *Jerry Kindinger,* for respondent.

DOLLIVER, J.—These cases involve a single issue: May a surviving spouse, acting pursuant to RCW 11.52.020, select a homestead from the separate property of the decedent spouse where no homestead has been declared prior to the death of the decedent spouse. In both cases, the surviving spouse petitioned, the estates resisted, and the trial court refused to allow the award of homestead. We reverse.

*In re Estate of Lyons,* 83 Wn.2d 105, 515 P.2d 1293 (1973), is dispositive. The only relevant difference between *In re Estate of Lyons* and the present cases is that in *Lyons* the deceased spouse had recorded a declaration of homestead on his separate property before his death. His surviving spouse, through her guardian ad litem, was awarded a homestead under RCW 11.52.

The question before the court in *Lyons* was whether the provisions of RCW 11.52 repealed by implication RCW 6.12.080, which dealt with the tenure by which a homestead is held. The court held there was a repeal by implication finding (1) that RCW 11.52 covered the entire subject matter of the earlier homestead legislation (RCW 6.12.080),

was complete in itself, and was intended to supersede the prior legislation; and (2) the two acts were inconsistent and repugnant and could not be reconciled by a fair and reasonable construction.

The estates, however, contend that *Lyons* was concerned only with the application of RCW 6.12.080, but that their argument is based on RCW 6.12.030, which states:

> The homestead cannot be selected from the separate property of the wife without her consent or from the separate property of the husband without his consent, shown by his or her making the declaration of homestead.

While RCW 6.12.030 does forbid the selection of the separate property of a spouse as a homestead without the consent of that spouse, it speaks only to the selection of a homestead during the *life* of both members of the community. However, as we pointed out in *Lyons,* upon the death of one of the members of the community the controlling statute on homesteads becomes RCW 11.52 which we have held "was intended by the legislature to cover the entire subject." *Lyons,* at 108. *See also In re Estate of Scheldt,* 13 Wn. App. 570, 536 P.2d 4 (1975). Specifically, we held the selection of a homestead by the surviving spouse "'in the manner provided by law'" under RCW 11.52.020 "mean[s] in accordance with the provisions of RCW 11.52" rather than in accordance with the provisions of RCW 6.12. *Lyons,* at 108.

Our views as to the relationship of RCW 6.12 and RCW 11.52 were carefully spelled out in *In re Estate of Lyons, supra.* This case was published in November 1973. Since then, the legislature has met on a number of occasions and has amended both RCW 6.12 and RCW 11.52. We presume legislative familiarity with our construction of its acts. *El Coba Co. Dormitories, Inc. v. Franklin County PUD,* 82 Wn.2d 858, 514 P.2d 524 (1973). Failure to amend a statute so as to change a statutory construction by this court is compelling evidence that the view of the court is

accepted by the legislature. We find this to be so in this case.

While in both *In re Estate of Lyons, supra,* and here we have held that upon the death of a member of the community the homestead provisions of RCW 11.52 apply, we emphasize that in neither case have we held that the provisions of RCW 6.12 do not continue to apply to a homestead selection made during the life of both members of the community. *In re Estate of Scheldt, supra.*

Reversed.

UTTER, C.J., ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, and WILLIAMS, JJ., and HAMILTON, J. Pro Tem., concur.

HICKS, J. (concurring)—One of these cases involves a second marriage both of the decedent and the surviving spouse. Each had children by a first marriage. Each had separate property.

Decedent by his will provided for the surviving spouse of his second marriage and left the remainder of his property to his children. By permitting the surviving spouse to select a homestead from decedent's separate property previously disposed of by his will, this decision has the practical long term effect of taking decedent's property from his children and giving it to the surviving spouse's children. To my mind, this is not a happy result and is one that probably would not occur in this instance if the probate court could exercise discretion as when making an award in lieu of homestead.

Nonetheless, the legislature controls in the disposition of decedents' estates. As the majority opinion points out, the legislature has met on several occasions since this court decided *In re Estate of Lyons,* 83 Wn.2d 105, 515 P.2d 1293 (1973), and apparently acquiesces in the construction of statutes that case makes. Because the legislature has not

acted to permit the probate court to do other than follow *Lyons,* I reluctantly concur with the majority.

WILLIAMS, J., concurs with HICKS, J.

Reconsideration denied March 31, 1981.