[No. 33196. Department One. August 4, 1955.]

*In the Matter of the Estate of* FRED SCHWARZWALTER, *Deceased.*

BERTHA SCHWARZWALTER, *Respondent,* v. ALBERT SCHWARZWALTER *et al., as Executors, Appellants.*[1]

[1]Reported in 286 P. (2d) 699.

*Foster & Foster,* of Yakima, for appellants.

*Halverson & Applegate, Alan A. McDonald,* and *Miller, Jansen & Sackmann,* for respondent.

DONWORTH, J.—This appeal brings before us for review an order of the superior court granting respondent, as the surviving widow of Fred Schwarzwalter (herein called the decedent), a family allowance. Appellants are two sons of the decedent, who are the duly appointed, qualified, and acting executors of his estate. The case involves a somewhat unusual situation, which will be described later in this opinion.

Respondent has moved to dismiss the appeal on the ground this order is not appealable under Rule on Appeal 14 (34A Wn. (2d) 20), citing *In re Moore's Estate,* 36 Wn. (2d) 854, 220 P. (2d) 1079, which involved an interlocutory order of an entirely different character. An order providing for a family allowance is of vital importance to the widow and to the heirs of the estate. To paraphrase subdivision (6) of Rule 14, *supra,* it affects a substantial right in a civil proceeding and, in effect, determines the action or discontinues it. If the parties were compelled to await the entry of a decree of distribution (which might be entered a year or more later), the fruits of the litigation would be lost to the successful party, whether it be the widow or the heirs. Such an order was held to be appealable in *In re Cannon's Estate,* 18 Wash. 101, 50 Pac. 1021. See, also, *In re Brown's Estate,* 129 Wash. 84, 224 Pac. 678. The motion to dismiss this appeal is denied.

On the merits, the first error assigned is the sustaining of a demurrer to the affirmative defense contained in the executors' (appellants') answer to the petition for family allowance, in which it was alleged that respondent and the decedent, just prior to their marriage, had entered into an

antenuptial agreement regarding their property rights. This agreement was not set forth verbatim in the answer nor is a copy attached thereto. The executors merely alleged their conclusions as to its legal effect.

When the case was called for trial, respondent's demurrer was argued, and the trial judge was furnished with a copy of the antenuptial agreement for his consideration in ruling on the legal question presented. After examining the document, the court announced that the demurrer would be sustained on the authority of *In re Chisholm's Estate,* 159 Wash. 674, 294 Pac. 973, 76 A. L. R. 279.

In order to determine whether this ruling was correct, it is necessary to set forth the body of this antenuptial agreement in full, as follows:

"WHEREAS, a marriage is intended to be solemnized between the said parties, and in view of the fact that after their marriage, in the absence of any agreement to the contrary, their legal relations and powers as regards property may, by reason of some change in their domicile or otherwise, be other than those of their present domicile, or other than those which they desire to have apply to their relations, powers and capacities; and

"WHEREAS, each of said parties are the owners of property in their respective sole and separate rights, which said property they and each of them have acquired prior to the said marriage to be solemnized, as hereinabove set forth, and it is the desire of said parties and each of them that said separate property shall retain its status free and clear of any claims by either of said parties against the property of the other; and

"WHEREAS, it is the desire of said parties that any property which they may hereafter acquire and inherit in their sole and separate capacities shall remain separate and free from claims of the other the same as the separate property now owned by them;

"Now, THEREFORE, in consideration of the conditions and stipulations herein contained, each of them, the said Frederick Schwarzwalter and the said Bertha Gust, hereby declares it to be his and her desire that during their marriage each of them shall be and continue to be completely independent of the other as regards the enjoyment and disposal of all property, whether owned by either of them at the commence-

ment of the marriage or coming to them, or either of them, in their sole and separate right during the marriage.

"And each of them hereby agrees with the other, in view and in consideration of said proposed marriage, that so far as is legally possible by their private act and agreement, all property belonging to either of them at the commencement of the marriage or coming to either of them in their sole and separate right during the marriage, shall be enjoyed by him or her and be subject to his or her disposition as his or her separate property and in the same manner as if the said proposed marriage had never been celebrated, and they and each of them do hereby promise each other that they will not claim any homestead in the separate property of the other."

We agree with the trial court that this antenuptial agreement cannot be reasonably construed as a waiver by the widow of her statutory right to claim a family allowance. No reference to the relinquishment of homestead rights is made until we come to the last sentence of the agreement. There we find an express waiver of her right to claim a homestead in the decedent's separate property, but the agreement is silent as to any waiver of a family allowance claim. These two rights were both given to surviving spouses by the probate code of 1917 (chapter 156, Laws of 1917). After providing for homestead claims, § 106 of this statute, p. 672 (now RCW 11.52.040), provides:

"In addition to the awards herein provided for, the court may make such further reasonable allowance of cash out of the estate as may be necessary for the maintenance of the family according to their circumstances, during the progress of the settlement of the estate, and any such allowance shall be paid by the executor or administrator in preference to all other charges, except funeral charges, expenses of last sickness and expenses of administration."

It seems to us that, if the parties to this agreement had intended to waive *both* of these death benefits afforded them by statute, they would have specifically so stated therein. Instead of so doing, they expressly waived their homestead rights and refrained from waiving their rights to family allowance. The difference between the two rights was recognized in *In re Chisholm's Estate, supra,* where we quoted

with approval from a California case, in which the court, construing a similar statute, said:

" ' "The widow's claim to a family allowance is strongly favored in our law. . . . In the case of a contract, we think the right should not be held to have been surrendered by an agreement between the spouses 'except by clear and explicit language.' " ' "

See, also, *In re Wind's Estate,* 32 Wn. (2d) 64, 200 P. (2d) 748, and cases cited.

There being no error in sustaining respondent's demurrer to appellants' affirmative defense, the latter's first assignment of error must be held to be without merit.

■ Their second claim of error·is that, by sustaining respondent's demurrer, the trial court prevented appellants from introducing any evidence to prove that respondent and the decedent had carried out the terms of the antenuptial agreement at all times up to his death. Assuming that such evidence would be material, there is in the record no offer to prove such facts, and we cannot hold that the trial court committed any error when it was never requested to admit such evidence.

Appellants strenuously contend that the trial court erred in granting respondent any family allowance whatever, and further, that the amounts allowed ($1,324.70 for the period prior to April 8, 1954, and $300 per month thereafter) are unreasonable.

■ Under the applicable statute· now in effect, the granting of a family allowance is discretionary with the trial court. *In re Wind's Estate, supra; In re Armstrong's Estate,* 33 Wn. (2d) 118, 204 P. (2d) 500; *In re Hickman's Estate,* 41 Wn. (2d) 519, 250 P. (2d) 524; and *In re Bernow's Estate,* 43 Wn. (2d) 369, 261 P. (2d) 414.

We do not deem it necessary to discuss the evidence in detail since no error has been assigned to any of the trial court's findings of fact. These fully show respondent's need for a family allowance, and adequately support the court's conclusions of law and order of family allowance from which this appeal is prosecuted.

There is nothing in the findings (nor in the entire record) to justify our holding that the trial court abused its discretion in entering the order granting respondent a family allowance in the amounts stated therein.

The order of October 15, 1954, is, therefore, affirmed.

HAMLEY, C. J., SCHWELLENBACH, WEAVER, and OTT, JJ., concur.