[No. 671-2.   Division Two.   May 22, 1972.]

*In the Matter of the Estate of* JOHN BRODNER, *Deceased.*

*W. L. Delbridge* (of *Delbridge, Christie & Thompson*), for appellant.

*Robert R. Beezer,* for respondent.

PEARSON, J.—This appeal challenges the exercise of discretion by the trial court in (1) allowing attorney's fees to one of two attorneys employed by the executrix, Dorothy Brodner, and (2) in allowing the surviving widow (also the executrix) a family allowance of $3,080[1] from the separate estate of her deceased husband, John Brodner.

The challenge is made by Mildred Eaton, decedent's daughter, who shares equally with Dorothy Brodner in the residuary of deceased's separate estate.

We have been furnished a limited record to review because of the narrow issues involved. However, it appears from the transcript that Dorothy Brodner was originally confirmed as executrix of the nonintervention will of her deceased husband on March 11, 1969. A will contest was commenced by Mildred Eaton, who was deceased's daughter by a former marriage. Several charitable beneficiaries intervened in the action. The contest was settled before trial by a stipulation made in open court and approved by order of the court on October 15, 1969. The parts of that stipulation which are pertinent to the issues on appeal were contained in a letter written by Mildred Eaton's attorney, W. L. Delbridge, to John Sweet, who was at that time attorney for the executrix, Dorothy Brodner.

[Y]ou will forthwith complete the probate of the estate and will, for those services, receive a fee equal to 80 per cent of the normal attorney fee. That you will, in the course of the administration, pay all obligations of the estate, . . . and that Mildred Eaton will then receive 55 per cent of the net estate and Dorothy Brodner the remainder, but that Dorothy Brodner will be charged

---

[1] This sum represented an allowance of $110 per month for 28 months.

with all amounts received by her during the guardianship and with any other amounts improperly received, and the value of the estate, for purposes of division, will be the value as of the date of death, after the indicated adjustments.

Several months after entry of the above order, Dorothy Brodner discharged John Sweet as attorney for the estate and engaged Irving Clark, Jr. Mr. Clark functioned as attorney for the estate from July 27, 1970 until September 28, 1970, at which time, upon Mrs. Eaton's petition, Dorothy Brodner was removed as executrix. By this time, Mr. Clark had expended some 15 hours in attempting to account for the assets of the estate, part of which had been wrongfully expended by Mrs. Brodner. Also, Mr. Clark had difficulty obtaining parts of the file from Mr. Sweet, had discussions with various lawyers concerning the will contest, and attempted to account for various assets, all for the purpose of attempting to assemble a final account. He made three court appearances on behalf of the executrix. Mr. Clark also made application on behalf of Mrs. Brodner for the family allowance. On September 28, 1970, the court appointed Robert R. Beezer, an attorney, as administrator de bonis non, to complete settlement of the estate, and at this time Mr. Clark's services were terminated.

The trial court's finding that Mr. Clark's services benefited the estate and that $450 was a reasonable fee is amply supported by the record. Challenge to the attorney fee is grounded in the contention that the stipulation made in settlement of the will contest precluded the award of any attorney's fees, except the sums agreed were to go to Mr. Sweet for completing probate of the estate. There is also a suggestion, totally without merit, that Mr. Clark's services did not benefit the estate, but only Mrs. Brodner, personally.

It is our view that the settlement agreement did not preclude the award of attorney's fees to Mr. Clark, nor was the award an abuse of discretion. We point out initially that the amount of fees which Mrs. Brodner had paid to

Mr. Sweet up to the time of his discharge was, by the order of the court, surcharged against Mrs. Brodner's share and there was no evidence presented that she was able to recover any of that sum back from Mr. Sweet. The estate was in a deplorable condition when Mr. Clark was engaged and the events which occurred subsequent to the stipulation were obviously not contemplated when the agreement concerning attorney's fees was made.

RCW 11.48.210 provides that "An attorney performing services for the estate at the instance of the personal representative shall have such compensation therefor out of the estate as the court shall deem just and reasonable." The services must benefit the estate. *In re Estate of Douglas,* 65 Wn.2d 495, 398 P.2d 7 (1965).

Assuming that the stipulated agreement attempted to set a limit on the discretion of the trial court to award attorney's fees authorized by the statute, such limitation would, in our view, be removed by occurrence of the subsequent events which made services of another attorney both necessary and beneficial to the estate.

The award of family allowance is challenged on the grounds (1) that Mrs. Brodner had wrongfully kept the estate in litigation, and (2) the settlement agreement precluded the award.

*In re Estate of Wind,* 32 Wn.2d 64, 200 P.2d 748 (1948) is relied upon in support of the first contention. That case held that the trial court abused its discretion in awarding a family allowance to a surviving widow where she had refused to account for some funds received from her husband under a predivorce property settlement agreement; where she had destroyed his will in order to gain possession of his estate; and where she used delaying tactics in an attempt to postpone closing of the estate in order to receive payments under the family allowance.

We do not find that case dispositive here. While Mrs. Brodner was responsible for some delay in closing of the estate, some blame for those delays rests with Mrs. Eaton, who initiated the will contest. Some blame also falls upon

the estate's former attorney, John Sweet, who had the responsibility of guiding her in an orderly manner through use of funds from the estate has not deprived Mrs. Eaton of the probate. It is also clear that Mrs. Brodner's ill-advised her rightful share of the estate, since those sums expended by Mrs. Brodner were, by the decree, surcharged against the percentage share she is to receive. Likewise, she did not claim a homestead exemption, to which she was entitled. RCW 11.52.010. *In re Estate of Buhakka*, 4 Wn. App. 601, 484 P.2d 463 (1971). The case at bar is not at all similar to *In re Estate of Wind, supra*, where an "almost divorced"[2] surviving spouse "mulct[ed] the estate by continually keeping it in litigation, . . ."

■ Did the settlement agreement preclude the family allowance award? We think not. The family allowance authorized by RCW 11.52.040 is discretionary. *In re Estate of Douglas, supra*. If allowed, it has priority over all other charges except funeral charges, expenses of last sickness, and expenses of administration. It then becomes an obligation of the estate, with priority over creditors' claims and distributive shares.

■ The settlement agreement specifically authorized the payment of "all obligations of the estate." Furthermore, the shares of Mildred Eaton and Dorothy Brodner were to be based upon the "net estate." That term is specifically defined in RCW 11.02.005 (2) as follows:

> (2) "Net estate" refers to the real and personal property of a decedent exclusive of homestead rights, exempt property, the *family allowance* and enforceable claims against, and debts of, the estate.

(Italics ours.)

Thus, the agreement, which is silent as to a family allowance, will not be construed as an implicit waiver of a family allowance, since use of the term "net estate" in the agreement must be construed in accordance with the statutory definition. Such definition precludes the finding of an im-

---

[2] An interlocutory decree of divorce had been entered in that case prior to the death of the husband.

plied waiver of the family allowance, an allowance which was modest and, in our view, properly awarded.

Lastly, the administrator de bonis non has asked for an award of fees for handling this appeal on behalf of the estate and as attorney for the estate. We believe such an award is proper and should be charged against the estate. RCW 11.48.210. However, the orderly closing of the estate dictates that such fees be fixed by the trial court and we, therefore, remand for a further final account, limited to the allowance of additional fees to Mr. Beezer for his services in representing the estate on the appeal.

Affirmed with instructions.

PETRIE, C.J., and ARMSTRONG, J., concur.