[No. 2630-1.    Division One.    May 26, 1975.]

*In the Matter of the Estate of* IRIS SCHELDT. PROVIDENCE HOSPITAL OF EVERETT, *Appellant,* v. O. W. SCHELDT, *as Administrator, Respondent.*

*Kafer, Wilson, Luchini & Good, Randall L. St. Mary,* and *Robert C. Alexander,* for appellant.

*Black, Christensen & Nielsen, Inc., P.S.,* and *Andrew T. Nielsen,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The probate court entered its order approving final account in this probate cause and allowed an award of homestead without first deducting the amount of a creditor's claim for the hospital expenses attendant upon decedent's last illness.

The probate was filed on February 14, 1973, on behalf of Providence Hospital in Everett, after the surviving husband failed to do so. This was the hospital's right as a creditor. RCW 11.28.120(3).

The surviving husband then asserted his right to administer the community property and was appointed administrator of the estate, as was his right. RCW 11.28.030.

The hospital timely filed its creditor's claim on March 2, 1973. Its claim was for a substantial sum and covered the decedent's lengthy hospitalization.

Then on March 14, 1973, according to his petition, the surviving spouse filed a declaration of homestead under RCW 6.12. That was followed in due course by the allowance of the homestead and the entry of the final order, from which this appeal is brought. Other creditors were also involved below but only the hospital appeals.

## ISSUE

Can the requirements of the probate code relative to homesteads and awards in lieu of homestead, as contained in RCW 11.52, be avoided by filing a declaration of homestead on a dwelling under the true homestead statute, RCW 6.12?

## DECISION

CONCLUSION. In dealing with a decedent's estate, whether it is a true homestead that is claimed or an award in lieu of

homestead, the conditions precedent established by the probate code must first be met before the award can be allowed.

The administrator argues that when a homestead is declared on a dwelling pursuant to RCW 6.12, the characteristics of that homestead should be determined wholly within the four corners of that chapter and without reference to the requirements of the probate code, RCW 11.52.

The position of the administrator is that since there is nothing in the chapter 6.12 homestead statutes which require payment of the expenses of last illness, the filing of the declaration of homestead for record with the county auditor under those statutes cuts off any claim that the hospital may have had in the property so homesteaded. In conformity with the position the administrator has taken throughout, all documents relating to the homestead, as well as the order allowing homestead which was entered in the probate case, reference was had only to the chapter 6.12 homestead statutes and to the $10,000 homestead value authorized in such chapter.

The trial court, by its order which is the subject of this appeal, adopted the administrator's position.

■ The hospital, as a creditor of the estate, is an interested party herein and is authorized to appeal from the probate court's final order. RCW 11.96.010.

From this State's earliest times, statutes relating to homesteads and awards in lieu of homestead have been the means whereby the legislature has expressed important facets of public policy intended to assist the financially pressed and the bereaved.

The chapter 6.12 homestead exemption is a shield to protect the financially pressed homesteader and his or her dependents in the enjoyment of their residence. The chapter 11.52 homestead award provisions provide a means by which after a death has occurred, the family can be maintained, some property exempted from certain creditor's claims and modest estates can often be settled expeditiously and economically.

Because these statutes have been repeatedly amended over the years, their language has unfortunately tended to become complex and their relationship with each other somewhat obscured.

The basic pattern of the probate code has provision for three different kinds of property awards to the surviving spouse and one to the minor children of the decedent. These have been classified as follows: [1]

(a) An award in lieu of homestead to the surviving spouse. RCW 11.52.010.

(b) An award of true homestead to the surviving spouse. RCW 11.52.020.

(c) An award to the surviving spouse in addition to the true homestead. RCW 11.52.022.

(d) An award of property to the minor children of decedent, where there is no surviving spouse. RCW 11.52.030.

Chapter 6.12 establishes a $10,000 homestead which may be declared without reference to a probate. Once a probate has been commenced, however, it is necessary to resort to the provisions of the probate code.

■ RCW 11.52.020 relates to such true homesteads.[2] It

---

[1] The terms of classification here used are basically those adopted by the *Probate Court Policy Manual, Superior Court of the State of Washington for King County* (Book Publishing Co. 1973). This manual was prepared by a committee comprised of King County Superior Court judges and members of the bar of that county.

[2] *"In event a homestead has been, or shall be selected in the manner provided by law,* whether the selection of such homestead results in vesting the complete or partial title in the survivor, it shall be the duty of the court, upon petition of any person interested, and upon being satisfied that the value thereof does not exceed twenty thousand dollars at the time of the death, exclusive of general taxes and special assessments which were liens at the time of the death of the deceased and exclusive of the unpaid balance of any contract to purchase, mortgage, or mechanic's, laborer's, or materialmen's liens thereon, and exclusive of funeral expenses, expenses of last sickness and of administration, which expenses may be deducted from the gross value in determining the value to be set off to the surviving spouse, to enter a decree, upon notice as provided in RCW 11.52.014 or upon longer notice if the court so orders, setting off and awarding such homestead to the survivor, thereby vesting the title thereto in fee simple in the survivor: *Provided,* That if there be any incompetent heirs of the decedent, the court

specifically applies to the present situation where "a homestead has been . . . selected in the manner provided, by law, . . ." (*See* footnote 2 *supra*). To the extent that the earlier enacted RCW 6.12.080[3] provides otherwise, it is deemed to have been repealed by implication by the later enacted RCW 11.52.020. *In re Estate of Lyons*, 83 Wn.2d 105, 515 P.2d 1293 (1973).

Under RCW 11.52.020 (*see* footnote 2 *supra*), the court may sanction the chapter 6.12 homestead and enter its decree vesting the title to such property. It may also under RCW 11.52.022 set additional property aside to the survivor until the total value of such property equals the $20,000 authorized for chapter 11.52 homestead awards.[4]

Before any homestead award can be authorized, however, certain conditions precedent must be met.

The statute authorizing an award in lieu of homestead to the surviving spouse, RCW 11.52.010, and the statute authorizing an award of a true homestead to the surviving spouse, RCW 11.52.020, both specify certain identical conditions precedent to the making of any such award.

These conditions precedent are as follows. The property to be set off under either RCW 11.52.010 or RCW 11.52.020 may, by the terms of those statutes, be either community or separate in nature, provided it does not exceed the value of

shall appoint a guardian ad litem for such incompetent heir who shall appear at the hearing and represent the interest of such incompetent heir." (Italics ours.) RCW 11.52.020.

[3]"From and after the time the declaration is filed for record the premises therein described constitute a homestead. If the selection was made by a married person from the community property, the land, on the death of either of the spouses, vests in the survivor, subject to no other liability than such as exists or has been created under the provisions of this chapter; in other cases, upon the death of the person whose property was selected as a homestead, it shall go to his heirs or devisees, subject to the power of the superior court to assign the same for a limited period to the family of the decedent; but in no case shall it be held liable for the debts of the owner, except as provided in this chapter." RCW 6.12.080.

[4]The present statutory limit of $20,000 is here used in order to avoid unnecessary confusion. A lower limit was in effect at the time the present case arose but it is not here pertinent.

$20,000 at the time of death, exclusive of general taxes and special assessments which were liens against such property at the time of death, of the unpaid balance of any contract to purchase, mortgage, mechanic's, laborer's or materialmen's liens, and exclusive of funeral expenses, expenses of last sickness and of administration. Further, these items which are mentioned in the statutes must be deducted from the gross value of the property to be set aside or awarded, and computed as of the date of death in order to determine the net value of such property and to establish whether there is sufficient property over and above such preferred items to award a homestead. *In re Estate of Dorey*, 62 Wn.2d 152, 156, 381 P.2d 626 (1963); *In re Estate of Armstrong*, 33 Wn.2d 118, 122, 204 P.2d 500 (1949); J. Steincipher, *Washington Probate Practice & Procedure* 330, 346 (1966).

The homestead award can only be made out of the net estate so computed, if any. *In re Estate of Dorey, supra.*

The wisdom of requiring payment of these preferred items as a condition precedent to a homestead award is not before us. That is a policy decision which the legislature made when it enacted the probate code and the courts are bound by it.

*Flickinger v. McGavick*, 262 F.2d 593 (9th Cir. 1958) cited by the administrator is not in point. That bankruptcy case does not relate to the conditions precedent to the making of a homestead award under RCW 11.52, as is here involved.

The trial court erred in awarding the homestead to the surviving husband without first requiring that the expenses of decedent's last sickness owing to the hospital be paid or otherwise provided for.

The order approving final account and the order allowing homestead are reversed as to the appellant Providence Hospital only, and the cause is remanded for further proceedings in accordance herewith.

WILLIAMS, C.J., and CALLOW, J., concur.