[No. 10859-0-I. Division One. June 4, 1984.]

*In the Matter of the Estate of*
FREDERIC E. TEMPLETON.

FRANCES L. TEMPLETON, *Appellant,* v. DIANE GILL, ET AL, *Respondents.*

*McKisson & Sargent, Inc., P.S., Michael Niday,* and *Robert W. McKisson, Jr.,* for appellant.

*Short & Cressman, John O. Burgess, Madden & Poliak,*

and *William Madden,* for respondents.

CORBETT, A.C.J.—Frances L. Templeton appeals from a summary judgment which dismissed her petition for an award in lieu of homestead. We affirm.

Frederic E. Templeton, the decedent, died on August 6, 1980, leaving an estate subject to probate of approximately $40,000 and a testamentary trust of approximately $500,000. Appellant is the surviving spouse. The heirs of the estate are the children of the decedent by a former marriage. Appellant was named as beneficiary of the trust during her life and, upon her death, the assets of the trust estate are to pass to the children. The federal estate tax due as a result of the death is approximately $114,000. The Washington state inheritance tax is approximately $16,000. The will of the decedent makes no provision for allocation of taxes.

Appellant petitioned the probate court for an award in lieu of homestead pursuant to RCW 11.52.010. The children and personal representative of the estate objected to the award. The court ruled that it did not have jurisdiction to make the award because the inheritance and estate taxes exceeded the assets of the estate subject to probate. Appellant assigns error to this ruling, contending that the taxes are not an expense of administration which precludes an award in lieu of homestead.

RCW 11.52.010 provides in pertinent part:

upon being satisfied that the funeral expenses, expenses of last sickness and of *administration* have been paid or provided for . . . [the court] shall award and set off to the surviving spouse . . . property of the estate . . . not exceeding the value of twenty thousand dollars . . .

(Italics ours.)

■ Administration expenses are a first charge against the estate. *In re Estate of Offield,* 7 Wn. App. 897, 903, 503 P.2d 767 (1972). They must be deducted from the gross value of the estate in making the determination of whether there is sufficient property to award a homestead. *In re*

*Estate of Scheldt,* 13 Wn. App. 570, 575, 536 P.2d 4 (1975). The responsibility for payment of the state inheritance tax rests upon the personal representative, *In re Estate of Wilson,* 8 Wn. App. 519, 523, 507 P.2d 902 (1973), as does primary liability for payment of the federal estate tax. *Seattle–First Nat'l Bank v. Macomber,* 32 Wn.2d 696, 700–01, 203 P.2d 1078 (1949). The federal estate tax is an expense of administration and, to the extent possible, shall be paid out of the residuary estate absent a contrary instruction by the decedent. *In re Estate of Wilson, supra* at 523.

After provision for federal estate tax and state inheritance tax, there was no estate from which the award in lieu of homestead could be made. The trial court did not err by denying the petition.

Affirmed.

CALLOW, J., and JOHNSEN, J. Pro Tem., concur.