[No. 12724–5–II.   Division Two.   July 19, 1990.]

*In the Matter of the Estate of*
PAUL C. OVERMIRE.

JOHN S. LYNCH, *as Personal Representative, Appellant,*
v. AMERICAN NATIONAL RED CROSS, *Respondent.*

*Judith L. Weigand* and *Lynch & Weigand,* for appellant.

*David D. Cullen* and *Cullen & Cullen,* for respondent.

*Paul H. Meyer,* as guardian ad litem.

ALEXANDER, C.J.—The personal representative of the Estate of Sadie E. Overmire appeals an order of the Thurston County Superior Court denying its request for an award in lieu of homestead to be paid from funds in a revocable inter vivos trust that had been established by Sadie's deceased husband, Paul C. Overmire. We affirm.

Sadie and Paul Overmire were married in January 1971. Before his death, Paul transferred all his separate property into a revocable inter vivos trust in which Rainier National Bank was named as trustee. Pursuant to the trust agreement, Paul was to receive the income of the trust during his life. Upon his death, $100,000 of the trust funds were to remain in the trust for the benefit of Paul's incompetent son by a previous marriage. Upon the son's death, the then–remaining principal was to be distributed to the Red Cross. Finally, the trust provided that if Sadie Overmire survived her husband, she was to receive the income from the funds remaining in the trust and upon her death the Red Cross was to receive the balance.

On July 20, 1985, Paul died testate. Sadie petitioned Paul's estate for an award in lieu of homestead in the amount of $25,000 and asked that it be charged to the trust because there were apparently no other funds in the estate, Paul having transferred all of his separate property to the trust and there being no community property. Notice of the hearing on Sadie's petition was provided to all interested parties except for Red Cross. After a hearing, the trial court granted Sadie's petition. Shortly thereafter, the trustee and the Red Cross sought to vacate the order for an award in lieu of homestead, arguing that (1) the Red Cross had not been given notice of the petition; and (2) pursuant to RCW 11.52.010, the property from which the award was to be

charged, the trust, was not subject to the jurisdiction of the court because it was not "property of the estate."

Sadie, conceding that she had not given notice to the Red Cross, filed a new petition for an award in lieu of homestead. The trial court granted Rainier and Red Cross' petition to vacate the original order granting an award in lieu of homestead. This order was approved by Sadie's counsel.

Before the hearing on the second petition, Sadie died. The personal representative of Sadie's estate reasserted the petition for award in lieu of homestead. The trial court concluded that the trust assets were not property of the estate and, consequently, denied the petition. Sadie's personal representative appeals the trial court's denial of the petition.

The representative of Sadie's estate argues that an award in lieu of homestead should have been charged against the trust assets established by Paul because (1) the superior court has jurisdiction over trust property, (2) governing law allows the award to be charged against "property of the estate," and (3) the term "estate" should be construed to include a revocable inter vivos trust. The Red Cross responds that the trust funds are not "property of the estate" and that, in any case, the decision whether or not to grant an award in lieu of homestead is within the discretion of the probate court and that the trial court did not abuse its discretion in denying the award.

RCW 11.52.010 provides that if

> no homestead has been claimed in the manner provided by law, . . . then the court . . . shall award and set off to the surviving spouse, if any, *property of the estate,* either community or separate, not exceeding the value of thirty thousand dollars at the time of death . . ..

(Italics ours.) The critical question here is this: Is the trust property of Paul's estate?

In *In re Estate of Bodvin,* 37 Wn.2d 872, 226 P.2d 878 (1951), our Supreme Court held that property held in a trust is not property of the trustor's estate. In that case, Peter Bodvin transferred his entire interest in a real estate

contract to his son. In return, the son agreed to pay the expenses of his father's care from the proceeds of the contract and, upon Peter's death, to distribute the balance either according to Peter's direction or in equal shares among Peter's children. Peter died and his heirs argued that the contract should be considered property of the decedent's estate. The court found the arrangement to be a trust and concluded that it was not a part of Peter's estate. *Bodvin,* 37 Wn.2d at 877 ("The fact that the power of appointment is exercised by means of a provision in a will does not operate to bring such trust property into the estate.").

Division One of this court has also addressed this issue, albeit indirectly, in *In re Estate of Templeton,* 37 Wn. App. 716, 683 P.2d 224 (1984). In that case, Templeton died "leaving an estate subject to probate of approximately $40,000 and a testamentary trust of approximately $500,000." *Templeton,* 37 Wn. App. at 717. The decedent's wife petitioned for an award in lieu of homestead. The trial court denied the petition because the death taxes exceeded the assets of the estate subject to probate. On appeal, the decedent's wife contended that the taxes were not expenses of "administration," which, according to RCW 11.52.010, must be paid as an "expense of administration" before an award in lieu of homestead may be made. The court disagreed with the wife, holding that the taxes were expenses of administration and that, as a consequence, "there was no estate from which the award in lieu of homestead could be made." *Templeton,* 37 Wn. App. at 718.

The above noted cases are consistent with the general rule regarding a trustor's interest in the property of his trust. As a general rule, a trustor retains no interest in the property of a trust unless he or she retains a power to revoke the trust or is named as a beneficiary of the trust. G. Bogert, *Trusts and Trustees* § 42 (2d ed. 1984). Even where the power of revocation is reserved in the trustor, as here, it is not a property right that survives his or her death. G. Bogert, *Trusts and Trustees* § 1000 (2d ed. 1984). In the

same respect, the trust is not invalidated merely because the trustor names himself as a beneficiary during his life. A. Scott, *Trusts* § 57.1 (4th ed. 1987). Moreover, even where a statute entitles the spouse of a decedent to a portion of the decedent's estate, which portion cannot be deprived by the decedent's will, during the life of the decedent, he

> can nevertheless transfer his property inter vivos in trust and his widow will not be entitled on his death to a share of the property so transferred, even though he reserves a life estate and power to revoke or modify the trust.

Restatement (Second) of Trusts § 57, comment *c,* at 153 (1959).

■ Any right that Paul may have held in the trust, via his power of revocation and his rights as beneficiary, died with him. Consequently, his estate retained absolutely no interest in the trust. The funds in the inter vivos trust established by Paul are not, therefore, property of his estate and are not subject to invasion by Sadie's estate in order to satisfy the award in lieu of homestead.

The appellant argued for the first time at the hearing before this court that the award in lieu of homestead may be viewed as a "family allowance." RCW 11.52.040 permits the trial court to make further allowance for family maintenance.[1] Another statute, RCW 11.104.050(1), provides that "all expenses incurred in connection with the settlement of a decedent's estate, *including . . . family allowances, . . .* shall be charged against the principal of the estate . . .". (Italics ours.) RCW 11.104.050(1). The personal representative cites the language in RCW 11.104-.030(2) that "principal" is "the property which has been set aside by the owner or the person legally empowered *so that it is held in trust . . .*". (Italics ours.) She contends that an award in lieu of homestead is a "family allowance" for these purposes. We disagree.

---

[1]The family allowance allows the probate court to make payment from the estate "as may be necessary for the maintenance of the family according to their circumstances, during the progress of the settlement of the estate . . .". RCW 11.52.040.

■ Although a family allowance is not defined in the statute, cases have consistently distinguished between a family allowance and an award in lieu of homestead. *In re Estate of Schwartzwalter,* 47 Wn.2d 119, 122, 286 P.2d 699 (1955) (widow waived her right to claim a homestead, but not her right to a family allowance); *In re Estate of Binge,* 5 Wn.2d 446, 506, 105 P.2d 689 (1940) ("In addition to the awards provided by the [homestead] statute, the court may make [the family allowance]."); *In re Estate of Dillon,* 12 Wn. App. 804, 806, 532 P.2d 1189 (1975) (family allowance is treated separately from the homestead award). In most circumstances, the family allowance is a monthly payment rather than a lump sum payment, as is the case with an award in lieu of homestead. *In re Estate of Douglas,* 65 Wn.2d 495, 497, 398 P.2d 7 (1965) (the court awarded the widow a family allowance of $750 per month); *In re Estate of Brodner,* 6 Wn. App. 966, 967, 497 P.2d 625 (1972) (widow was awarded a family allowance in the amount of $110 per month). For these reasons, we conclude that the award in lieu of homestead is not a family allowance and, consequently, we reject the argument of the estate.[2]

■ The estate also argues that even if the trust is not considered to be property of the estate, the original order granting an award in lieu of homestead should be reinstated because the Red Cross was not entitled to notice. Because Sadie agreed to the vacation of that order and failed to appeal therefrom, the estate is precluded from raising the issue here. *Davis v. Globe Mach. Mfg. Co.,* 102

[2]A family allowance will not be awarded unless it is specifically requested by petition to the court pursuant to RCW 11.52.040. *Francon v. Cox,* 38 Wn.2d 530, 540, 231 P.2d 265 (1951); *O'Neal v. Morris,* 7 Wn. App. 157, 163, 498 P.2d 326 (1972). Here, neither Sadie nor her estate asked the trial court to award her a family allowance pursuant to RCW 11.52.040. Ordinarily, we will not grant relief that has not been requested below. *Wilson v. Steinbach,* 98 Wn.2d 434, 440, 656 P.2d 1030 (1982). We view the personal representative's position to be that an award in lieu of homestead is equivalent to a family allowance. Consequently, we have dealt with the issue in this opinion.

Wn.2d 68, 77, 684 P.2d 692 (1984) ("A party cannot properly seek review of an alleged error which the party invited.").

The Red Cross and the guardian ad litem for Paul's son request an award of costs and attorney's fees pursuant to RCW 11.96.140. Such an award is discretionary and we decline to grant the request.

PETRICH, J., and MITCHELL, J. Pro Tem., concur.