38 P.3d 362 (2002)
109 Wash.App. 811
In re the ESTATE OF Kathleen Mary Ray Promisel GARWOOD.
No. 26793-4-II.
Court of Appeals of Washington, Division 2.
January 11, 2002.
*363 Craig Ritchie, Port Angeles, for Garwood.
Gary Richard Colley, Port Angeles, for Shonda Promisel.
BRIDGEWATER, J.
Decedent's husband appeals the court's award of $40,000 in lieu of homestead to the decedent's adult daughter, Shonda Promisel, his step daughter. We hold that the statute requires the surviving spouse, if there is one, to first petition for an award before the decedent's child may petition to divide the award. Because Robert Garwood did not petition for an award in lieu of homestead, the award to decedent's daughter is reversed.
Kathleen Promisel Garwood (Garwood) died on April 21, 2000, survived by the following heirs: her second husband, Robert Garwood (Robert); her daughter from a previous marriage, Shonda Promisel (Shonda); and her adopted son, Keith Promisel (Keith). In her handwritten will, Garwood left the remainder of any amount owed her from her settlement agreement she had with her first husband, Shonda's father, to Shonda and Keith equally. She left all other assets to Robert, her surviving spouse. No money, however, was owing on the settlement agreement, so Shonda and Keith received nothing under their mother's will.
The court granted Shonda a $40,000 award in lieu of homestead. Robert did not petition for a homestead award and objected to Shonda's award.
Traditionally, the purpose of the homestead statute has been to protect the homesteader and his dependents in the enjoyment of a domicile.[1]In re Poli's Estate, *364 27 Wash.2d 670, 674, 179 P.2d 704 (1947). It specifically protected and benefited the surviving spouse and/or minor children. In re Estate of Dillon, 12 Wash.App. 804, 806, 532 P.2d 1189 (1975). It also provided a means for maintaining the family after a death occurred. In re Estate of Scheldt, 13 Wash.App. 570, 572, 536 P.2d 4 (1975). The law favors awards in lieu of homestead as a matter of right for the protection of the surviving spouse and as a measure of fairness. In re Estate of Crawford, 107 Wash.2d 493, 502, 730 P.2d 675 (1986). Until 1997, only the surviving spouse could petition for an award in lieu of homestead, and awards to minor children for support occurred only when there was no surviving spouse. See RCW 11.52.010; 030(1996).

Statutory Interpretation
We review de novo the meaning of a statute with the principal objective of effectuating the legislature's intent. Cockle v. Dept. of Labor & Indus., 142 Wash.2d 801, 807, 16 P.3d 583 (2001). In assessing legislative intent, we look first to the language of the statute. In re Custody of Smith, 137 Wash.2d 1, 8, 969 P.2d 21 (1998). The language at issue must be evaluated in the context of the entire statute. In re Sehome Park Care Ctr., Inc., 127 Wash.2d 774, 778, 903 P.2d 443 (1995). If the language of the statute is clear and unambiguous, we go no further. Cherry v. Municipality of Metro. Seattle, 116 Wash.2d 794, 799, 808 P.2d 746 (1991). Statutory language is ambiguous when it is susceptible to more than one reasonable interpretation. Cockle, 142 Wash.2d at 808, 16 P.3d 583 (citing Harmon v. Dep't of Soc. & Health Serv., 134 Wash.2d 523, 530, 951 P.2d 770 (1998)). When the statutory language is ambiguous, resorting to aids to construction, including legislative history, is appropriate. Harmon, 134 Wash.2d at 530, 951 P.2d 770. We avoid, however, unlikely, strained, or absurd consequences which can result from a literal reading. Alderwood Water Dist. v. Pope & Talbot, Inc., 62 Wash.2d 319, 321, 382 P.2d 639 (1963).
RCW 11.54.010(1) provides as follows:
(1) Subject to 11.54.030, the surviving spouse of a decedent may petition the court for an award from the property of the decedent. If the decedent is survived by children of the decedent who are not also the children of the surviving spouse, on petition of such a child the court may divide the award between the surviving spouse and all or any of such children as it deems appropriate. If there is not a surviving spouse, the minor children of the decedent may petition for an award.
Robert contends that the court, in awarding Shonda $40,000 in lieu of homestead, erroneously ruled that the statute allowed a decedent's adult child, who is not also the surviving spouse's child, to independently petition for an award in lieu of homestead. He argues that the homestead statute allows a decedent's adult child, who is not also the surviving spouse's child, to intervene and petition the court for a division only when the surviving spouse has petitioned the court first, and that an adult child cannot petition the court for an award of property on their own.
We read the statute in its entirety and conclude that Robert is correct. See In re Sehome Park Care Ctr. Inc., 127 Wash.2d at 778, 903 P.2d 443. It does not appear from the statute's language that the decedent's child can petition the court on their own for an award from the decedent's estate unless they are a minor, which is addressed in the third sentence of RCW 11.54.010(1). The following six reasons justify this conclusion:
*365 (1) The first sentence of RCW 11.54.010(1) clearly allows a spouse to petition for homestead. The second sentence, which begins with if, however, can be construed as a limitation or condition on the spouse's award granted in the first sentence. The limitation or condition is that if the decedent is survived by children, who are not also children of the surviving spouse, then those children can petition for a division at the court's discretion.
(2) Courts should not construe statutes to render any language superfluous. Potter v. Dept. of Ret. Sys., 100 Wash.App. 898, 909, 999 P.2d 1280, review denied, 142 Wash.2d 1012, 16 P.3d 1264 (2000). The word divide does, as Robert argues, suggest that a surviving spouse must petition for homestead first, before the child, who meets the criteria of the statute, can. If the child had an independent right to petition for an award, there would be no need for the court to divide anything.
(3) The statute uses different articles when referring to the "award." In the first sentence, the statute permits the filing of a petition for "an" award-this is the use of the indefinite article. See Tewell, Thorpe & Findlay, Inc., v. Continental Cas. Co., 64 Wash.App. 571, 576, 825 P.2d 724 (1992) ("a" is an indefinite article). But in the second sentence, the statute refers to the court dividing "the" award. It is obvious that the Legislature intentionally used a different article, the "definite" article, and that its meaning refers to "the" award provided in the first sentence. See WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2368 (1966) (the is a definite article). Our interpretation is strengthened by the use of the indefinite article in the third sentence, wherein the Legislature indicates that where there is no surviving spouse, the minor children may petition for "an" awardagain using the indefinite article.
(4) The logic of linking the surviving spouse's petition first as a condition precedent to the petition of a decedent's child is reinforced in RCW 11.54.020, which describes the basic award the court can divide between the surviving spouse and the decedent's children who are not also the surviving spouse's children.
(5) The second sentence of RCW 11.54.010(1) is derived from the portion of the repealed statute, RCW 11.52.012, that reduced the award and did not grant children a right to a portion of that award or an independent award. And the Legislature in its bill reports stated it was only consolidating the statute and did not note any substantive changes, which granting the children who meet the other criteria of RCW 11.52.010(1) a new right to homestead would do.
(6) The award in lieu of homestead is a statutory device that can alter the testamentary wishes of the decedent, the intestate succession statutes, and the rights of creditors. It can also blur the distinctions of community property and probate and nonprobate assets. Thus, it is logical that only if the survivor chooses to use the device to alter any of those relationships would the Legislature see fit to address the right of the children to petition to divide what the survivor has exempted from creditors and perhaps from nonprobate assets.
Therefore, in applying the requirement that the surviving spouse must petition the court for an award first, it is clear that Shonda's award is erroneous. Robert did not petition the court for a homestead award. Since the statute does not allow Shonda to do so independently, she is not entitled to an award.
We specifically do not address whether an adult child can petition to divide an award or whether the statute is constitutional. Our resolution using the plain wording of the statute is sufficient to decide this case. Thus, we reverse the trial court's grant to Shonda of an award in lieu of homestead and decline review of Robert's other contentions. We also deny Shonda's request for attorney fees.
Reversed.
We concur: ARMSTRONG, C.J., and HUNT, J.
NOTES
[1] It is helpful to know the distinctions between true homestead, awards in lieu of homestead, family allowance or maintenance, and support of a minor child. In re Estate of Scheldt, 13 Wash. App. at 573, 536 P.2d 4; see also In re Estate of Overmire v. American Nat'l Red Cross, 58 Wash. App. 531, 536, 794 P.2d 518 (1990) (award in lieu of homestead is not equivalent to family allowance). An award of a true homestead provides for an award of homestead property to the surviving spouse in a limited amount. MARK REUTILINGER & WILLIAM C. OLTMAN, WASHINGTON LAWS OF WILLS AND INTESTATE SUCCESSION at 232 (Butterworth Legal Publishers 1985); RCW 11.52.020 (1997). An award in lieu of homestead allows the surviving spouse to claim a similar award when no intervivos homestead has been claimed. REUTILINGER & OLTMAN at 232; RCW 11.52.010 (1997). A family allowance or maintenance is cash out of the estate awarded, within the court's discretion and in addition to homestead, for the maintenance of the family according to the circumstances during the progress of the settlement of the estate. See Estate of Overmire, 58 Wash. App. at 535-36, 794 P.2d 518; RCW 11.52.040 (1997). Support of a minor child is awarded at the court's discretion for the necessary care and support of a minor or minors until they reach legal age when there is no surviving spouse, not to exceed the amount which could have been awarded to the surviving spouse. RCW 11.52.030 (1997); REUTILINGER & OLTMAN at 228-29.

The legislature in subsection one of RCW 11.54.010, which replaced RCW 11.52 (1997) refers to the award as an award from the decedent's property and does not distinguish, as mentioned above, between the different types of awards traditionally awarded to surviving spouses and minor children. The Legislature, however, in RCW 11.54.010(1), seems to be giving the child a homestead award because in RCW 11.54.020, the basic award is limited under RCW 6.13.030(2) and either increased or decreased according to RCW 11.54.040 and 050. A family allowance had no monetary limit and traditionally could be awarded in addition to homestead. REUTILINGER & OLTMAN at 227.